IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARQUIS WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-cv-00148 |
| | ) |
| DEPUTY [F/N/U] ASHBORN, | ) Chief Judge Sharp |
| SHERIFF R. ARNOLD RCSO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Marquis Williams, a pretrial detainee confined by the Rutherford County Sheriff's Office, has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Deputy [n/f/n] Ashborn and Sheriff Robert Arnold of the Rutherford County Sheriff's Office. The complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or seeks relief from government entities or officials, 28 U.S.C. § 1915A. Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint

indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.     Factual Allegations

The plaintiff alleges that he was arrested on November 16, 2014 with the assistance of the Rutherford County Sheriff's Office K-9 Unit, led by Deputy Ashborn. The plaintiff states he was tracked down by the K-9 Unit and cornered by at least six other officers. He was hiding in a black trash can when, without warning, the lid came open and the plaintiff was attacked by a police dog or dogs under the command of Deputy Ashborn. The plaintiff states he was bitten on the top of his head and right hand. The plaintiff insists that he was never given notice or a verbal command to come out before being attacked by the dog and that he would have given himself up in that situation if he had been given the chance to do so.

The plaintiff asserts that Deputy Ashborn violated his right to be free from the use of excessive force. He sues Deputy Ashborn in his individual and official capacity.

Regarding Sheriff Arnold, who is also named as a defendant, the plaintiff states only: "Sheriff Robert Arnold is responsible for getting his deputies trained properly and their action will reflect on him and his department." (Complaint, ECF No. 1, at 5.)

The plaintiff seeks compensatory and punitive damages as well as equitable relief.

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case, the plaintiff alleges that he was subjected to the use of excessive force by Deputy Ashborn. Deputy Ashborn, in his individual capacity, was clearly a person acting under color of state law

at the time of the plaintiff's arrest. The plaintiff at that time was a free individual, so his right to be free from the use of excessive force was protected by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). Under the Fourth Amendment, the Court applies an objective-reasonableness test, looking to the reasonableness of the force in light of the totality of the circumstances confronting the defendant, and not to the defendant's underlying intent or motivation of the defendants. *Graham*, 490 U.S. at 388, 396–97; *Burgess*, 735 F.3d at 472 (citing *Dunigan v. Noble*, 390 F.3d 486, 493 (6th Cir. 2004)). For purposes of the initial review, the Court finds that the plaintiff's allegation that he was attacked by a police dog (or dogs) without advance warning gives rise to a colorable claim against Deputy Ashborn in his individual capacity.

The plaintiff also purports to sue both Deputy Ashborn and Sheriff Arnold in their official capacity. An official-capacity claim is, in reality, a claim against the entity that employs the defendants, presumably Rutherford County in this case. A municipality like Rutherford County can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, to state a claim against the defendants in their official capacity, the plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury [constitutional violation] was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). In this case, the plaintiff does not allege the existence of an unconstitutional policy or custom. He therefore fails to state an official-capacity claim against Sheriff Arnold or Deputy Ashborn.

Looking to the factual allegations in the complaint, the Court concludes that the plaintiff actually seeks to hold Sheriff Arnold liable on the basis that he is Deputy Ashborn's supervisor. In that regard, the plaintiff alleges that the sheriff is responsible for training the deputies under his supervision and that the deputies' actions will "reflect on him and his department." (Complaint, ECF No. 1, at 5.) Supervisory liability, however, cannot be imposed in a § 1983 action based on the theory of *respondeat superior*. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995). Instead, supervisory liability under § 1983 "must be based upon active unconstitutional behavior." *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir.

2002) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). As the Sixth Circuit has stated: "A supervisor is not liable under § 1983 for failing to train unless the supervisor 'either encouraged the specific incident or misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

The plaintiff does not allege facts suggesting that Sheriff Arnold had any involvement in the incident giving rise to the canine attack, encouraged the incident, or "implicitly authorized, approved, or knowingly acquiesced" in Deputy Ashborn's conduct. The complaint therefore fails to state a claim against Sheriff Arnold in his individual capacity as Deputy Ashborn's supervisor.

**IV.     Conclusion**

The plaintiff's excessive-force claim against Deputy Ashborn in his individual capacity will be permitted to proceed. His official-capacity claim against Deputy Ashborn and all claims against Sheriff Robert Arnold will be dismissed for failure to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court