```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

MARQUIS WILLIAMS,                )
                                 )
        Plaintiff                )
                                 )     No. 3:15-0148
v.                               )     Chief Judge Sharp/Brown
                                 )
DEPUTY DAVID ASHBORN,            )
                                 )
        Defendant                )

**TO:   THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Presently pending is the Defendant's motion for sanctions (Docket Entry 33). The Plaintiff has filed no response to this motion and it appears that the mail sent to him at his last known address at the Rutherford County Jail has been returned with a notation that the Plaintiff has been released (Docket Entries 31 and 32). For the reasons stated below, the Magistrate Judge recommends that the motion for sanctions be granted and that the sanctions imposed be the dismissal of the Plaintiff's case for failing to comply with Court orders and for failing to prosecute this action, and that any appeal from the dismissal of this case not be certified as taken in good faith.

### BACKGROUND

The complaint against a number of Defendants was filed on February 19, 2015 (Docket Entry 1). The complaint was reviewed by Chief Judge Sharp (Docket Entries 3 and 4). The Plaintiff alleged

1

that a canine unit led by Defendant Ashborn on November 16, 2014, knocked the Plaintiff down. He alleges that while he was hiding in a trash can the lid was removed without warning and the Plaintiff was attacked by police dog or dogs under the command of Deputy Ashborn. He alleges that he was bitten and was never given an opportunity to surrender before being attacked by the dog.

Chief Judge Sharp dismissed all claims except the claim against Deputy Ashborn in his individual capacity for the use of excessive force (Docket Entry 4). In that order the Plaintiff was further forewarned that his prosecution of the action would be jeopardized if he failed to keep the Clerk's office informed of his current address at all times.

After service of process was obtained on Deputy Ashborn and he filed an answer (Docket Entry 24), a scheduling order (Docket Entry 26) was entered. The scheduling order set the deadline for completing all discovery as January 5, 2016. In that order the Plaintiff was again warned that failure to keep the Court informed of his current address could result in a recommendation that the action be dismissed for failure to prosecute and for failure to comply with the Court's order.

Subsequently, Defendant Ashborn filed a motion to compel the Plaintiff to comply with his discovery requests (Docket Entry 28). The Plaintiff did not respond to the motion and the Magistrate Judge directed the Plaintiff to respond to the interrogatories and

2

requests for production within 14 days of the entry of the order (Docket Entry 29). This order was returned with a notation by the jail where the Plaintiff had been previously incarcerated that the Plaintiff had been released (Docket Entries 31 and 32). Both docket entries note that the Plaintiff was released on August 31, 2015. As of the date of this report and recommendation the Plaintiff has not provided a new address.

**LEGAL DISCUSSION**

As an initial matter, the Magistrate Judge would note that the motion for sanctions is not accompanied by a memorandum of law as required by Local Rule 7.01(a). Nevertheless, this case also involves a failure of the Plaintiff to respond to the Magistrate Judge's order (Docket Entry 29).

A dismissal with or without prejudice is a drastic remedy and before the court contemplates dismissing an action under Rule 41(b) the Court must specifically consider:

>	(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

>	(2) whether the adversary was prejudiced by the dilatory conduct of the party;

>	(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

>	(4) where the less drastic sanctions were imposed or considered before dismissal was granted.

>	*Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was warned at the onset of the case that failure to keep a current could jeopardize his prosecution of the matter. In this case the Plaintiff has failed to provide the Court with a current address. His failure to do so appears willful. The Plaintiff failed to respond to discovery requests which are vital to the Defendants' ability to defend in the matter. There has been no activity by the Plaintiff in this matter since May 28, 2015, when he sent a letter regarding the testimony of a particular police officer (Docket Entry 25). It appears without question that the Plaintiff has not responded to discovery requests sent to him in a timely fashion on June 19, 2015, at the jail on New Salem Highway (*see* Docket Entry 28-1, p. 16).

Under these circumstances, the Magistrate Judge believes that dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases toward resolution. The District Court has the power to dismiss an action for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962). The Plaintiff is presently out of touch with the Court, has failed to respond to discovery requests, the Court's order (Docket Entry 28), or to the motion for sanctions (Docket Entry 33). Defendants are prejudiced in that they are unable to obtain any response to their discovery requests.

The Magistrate Judge has considered the less drastic sanctions of dismissal without prejudice rather than dismissal with prejudice and will recommend the lesser sanction.[1]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obey Court orders and to prosecute. The Magistrate Judge further recommends that any appeals on this dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of November, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] Even though the dismissal is without prejudice, statute of limitation issue may prevent a refiling of a similar complaint.